564 A.2d 521

**HAHNEMANN UNIVERSITY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

**FRANKFORD HOSPITAL, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Filed July 25, 1989.

Petition for Allowance of Appeal Denied April 3, 1990.

606

Jennifer A. Stiller (Anne E. Walters, of counsel), Montgomery, McCracken, Walker & Rhoads, for petitioners.

John A. Kane, Chief Counsel, with him, Bruce G. Baron, Senior Asst. Counsel, for respondent.

Before BARRY and McGINLEY, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

Hahnemann University and Frankford Hospital (petitioners) petition for review of adjudications and orders of the Department of Public Welfare (DPW). The petitioners challenge the rate of reimbursement for services provided to medical assistance beneficiaries during the year July 1, 1984, and ending June 30, 1985. We affirm.

Petitioners appealed from the decision of DPW concerning the application of prospective payment rates. Following a hearing, the hearing officer affirmed DPW's decision. Petitioners now appeal to this court, contending that DPW's prospective payment methodology is improper.

■ Section 1163.52 of the Medical Assistance Manual, 55 Pa.Code § 1163.52, deals with prospective payment methodology. DPW bases payment for in-patient hospital services on the classification of in-patient discharge, the Diagnosis Related Group (DRG), which is a price-fixing system based on concept scores of an efficient and economically operated hospital. The scores include factors such as teaching status, medical assistance volume, environmental characteristics, and hospital costs.

Petitioners contend that this is improper since pursuant to section 443.1 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* added by Act of July 31, 1968, P.L. 904, *as amended,* 62 P.S. § 443.1, DPW is required to pay the reasonable cost of in-patient services, and that DPW's method of calculating reimbursement from cost-based to prospective payment is a fundamental restructuring which requires a statutory change.

While section 443.1 of the Public Welfare Code provides for the payment of reasonable costs of in-patient care, it also provides that such reasonable costs are to be as, "specified in the Department's regulation."

In *Citizens General Hospital v. Department of Public Welfare,* 125 Pa.Commonwealth Ct. 358, 558 A.2d 125 (1989), DPW promulgated the regulations pursuant to legislative rule-making power conferred upon it by sections 201 and 403 of the Public Welfare Code, 62 P.S. §§ 201 and 403. These sections empower DPW to promulgate regulations, and establish and enforce standards for eligibility and assistance. This is a grant of legislative policy-making power to the agency.

Thus, there is nothing in the record to indicate that it was an exercise of whim rather than an exercise of judgment. In *Centennial Spring Health Care Center v. Department of Public Welfare,* 115 Pa. Commonwealth Ct. 450, 541 A.2d 806 (1988), this court held that duly promulgated state regulations for administering the medicaid program are presumptively valid under federal and state law, and the Commonwealth Court will not disturb DPW's exercise of administrative discretion in the absence of fraud, bad faith, abuse of discretion, or clearly arbitrary action.

The concept of reasonable costs is now based on costs of an efficiently and economically operated hospital, rather than on actual cost-based reimbursement systems. The fact that the payment rates were inadequate or less than the actual costs incurred does not make them per se unreasonable.

DPW is not required to pay all of the actual costs. The DRG system is designed to safeguard against unnecessary utilization and to assure that payments are consistent with efficiency, economy, and quality care. The DRG system is based on a statewide rate for all hospitals. *Mississippi Hospital Association Inc. v. Heckler,* 701 F.2d 511 (5th Cir.1983).

■ It is next contended that DPW made significant errors in calculating the hospital's rate, and that the errors amounted to arbitrariness. The examiner found that these were not really errors, but rather a change in the data base as submitted in budgetary appropriations. While states are

barred from developing rates based *solely* on budgetary appropriations, the examiner did find that the budget submitted by the hospital was not the sole factor in developing the rate set by DPW. The examiner found that the budget was factored in as an aid in the rate-setting process. This was entirely within DPW's functions to utilize the budget as an aid in demonstrating that petitioners would spend significantly less.

Petitioners, specifically Frankford Hospital, next contend that data processing contract costs for the year were recognized as a pass through capital cost by medicaid. Under those circumstances, it is contended that DPW must recognize these costs, particularly since it enabled the hospital to improve both efficiency and care. However, the treatment of costs by the medicaid program is irrelevant. DPW defines reasonable costs in section 443.1 of the Public Welfare Code as those costs specified by its regulations which are based on the DRG system. The DRG system itself is based on the costs of an efficiently and economically operated hospital *on a statewide average rate for all hospitals*. Thus, where DPW has determined that the cost of such equipment will be treated as part of the DRG payment and not a pass through capital cost, it was not arbitrary or capricious, but consistent with the goal to control the growth of in-patient costs.

Each of petitioners' arguments which, in effect, seeks reimbursement for actual costs is erroneous. Under the efficient cost standard now used by DPW, this court will not accept such arguments.

Accordingly, we affirm the decisions of DPW and disallow the costs claimed by the petitioners.

## ORDER

NOW, July 25, 1989, the orders of the Department of Public Welfare, 37–84–1, 37–85–013, 37–84–050, 37–85–035, are affirmed.